UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BLAKE JOSEPH,

               Plaintiff,              Case No. 1:09-cv-247

v.                                                   Honorable Robert J. Jonker

CINDI S. CURTIN et al.,

               Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is incarcerated in the Oaks Correctional Facility (ECF), but his complaint also concerns events that occurred at the Cooper Street Correctional Facility (JCS) and the Lakeland Correctional Facility (LCF). In his *pro se* complaint, Plaintiff sues ECF Warden Cindi Curtin, ECF Assistant Deputy Warden Robert Sharp, ECF Resident Unit Manager Mike Haske, JCS Inspector David Cliffton and LCF Assistant Deputy Warden (unknown) Hawkins.

On September 3, 2008, while Plaintiff was confined in the general population at JCS, he received two major misconduct tickets and was placed in temporary segregation. The following day, Plaintiff was transferred to temporary segregation at LCF. Following an administrative hearing on September 11, 2008, the hearing officer found Plaintiff guilty of the misconduct charges. The same day, Defendant Hawkins released Plaintiff from administrative segregation back to the general population at LCF. On September 12, Defendant Hawkins informed Plaintiff that he had received information from Defendant Cliffton that felony criminal charges had been filed against Plaintiff. As a result, a Notice of Intent was issued to place Plaintiff back in administrative segregation. On September 15, 2008, Plaintiff was transferred to the administrative segregation unit at the Oaks Correctional Facility. Plaintiff claims that Defendants Sharp and Haske made the decision to transfer him to segregation at ECF without holding a hearing in violation of Michigan administrative rules and his federal due process rights. Plaintiff claims that he informed Defendant Curtin that his rights were being violated, but she failed to take corrective action. Plaintiff was released to the general population at ECF on November 14, 2008. The general population at ECF is composed of prisoners

who are classified to security level IV, while LCF houses prisoners who are classified to level II and JCS houses prisoners who are classified to level I.[1]

Plaintiff seeks damages of $50,000 for each Defendant for placing him in segregation for 61 days without a hearing. In addition, Plaintiff seeks an order requiring that he be transferred back to a level II facility.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

---

[1] The categories of security classification in CFA institutions are Levels I through V and segregation. Level I is the least secure level; segregation is the most secure. MICH. DEP'T. OF CORR., Policy Directive 05.01.130 (eff. Dec. 31, 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that he was placed in administrative segregation in violation of Michigan administrative rules and his federal due process. The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Court held that a prisoner's thirty-day confinement in disciplinary segregation was "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487, and did not "present a dramatic departure from the basic conditions of [the inmate's] sentence," *id.* at 485, 115. The Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the Michigan Department of Correction's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. *See Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id; see also Jones v. Baker*, 155 F.3d 910, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for

- 4 -

murder of prison guard in riot); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *but see Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (prisoners have a liberty interest in avoiding assignment to a "super-max" security prison). Plaintiff has failed to make any allegations whatsoever that his two-month placement in administrative segregation was "atypical and significant." Consequently, Plaintiff fails to state a due process claim.

Plaintiff also complains that he now is incarcerated at a security level IV facility, rather than a level II facility. The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification). Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a claim.

Plaintiff further claims that Defendants violated Michigan law by placing him in segregation without a hearing. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court

declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  April 17, 2009         /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE